## THE STATE v. SMITH.

1. Where, on appointment of surveyors of Highways, the Court of Common Pleas determine that due proof of advertising the application was made, this court have no power on *Certiorari* to inquire into sufficiency of proof.
2. Where one of the points called for in the application is a stake "in the middle of said road," and in the road laid by surveyors, that stake is within the width of the road but not in the middle, the variance is not material.
3. A barn or dwelling-house is not such an improvement as is required to be laid down in the map annexed to the return of surveyors.
4. If the road laid out corresponds with road in written application of petitioners, proof will not be received that a different route from the one taken by surveyors was intended by, or mentioned to petitioners.

On *Certiorari* to the Monmouth Pleas. In matter of highway.

*Ryall*, for plaintiff in *Certiorari*.

The CHIEF JUSTICE delivered the opinion of the court.

The first ground of objection to the proceedings in this cause is, that there was no legal evidence before the court of Common Pleas that advertisements of the application for the appointment of surveyors had been set up according to law. The court, however, have certified that such proof was made before them, and upon this point their judgment is declared by the statute to be final and conclusive. If a defect in the proof really existed (which does not however appear to be the case), this court have no power to review upon this point the decision of the Common Pleas. *State* v. *Schenck*, 4 *Halst.* 107.

Secondly, It is objected that the road as laid out and recorded, varies from the road as applied for. There appears to be no variance either from an inspection of the papers, or from an examination of the evidence, except at the third point or station specified in the application, and which is there described as "a stake in the middle of said road leading from Deal to John and Thomas Williams' store, near Eden Woolley's barn yard." In the return of the surveyors, that point is called for, as "a stake near Eden Woolley's barn yard." From the evidence taken in the cause on the part of the plaintiff in *Certiorari*, it appears that the stake as originally planted was not in the middle of the road as laid out by the surveyors. Curtis White, the witness, testifies that "there were two shows. On the first show the

third stake near Eden Woolley's barn yard, was in the middle of the road as run and as named in the order. The second show was on reversing the running of the road and running back. On this second show, the course run did not strike the stake near Eden Woolley's barn, and that stake by this second show was not in the middle of the road as called for, but on one side; and the road was laid according to the second show. The stake was thrown to the west of the middle of the road some few feet, but was still within the road as laid out."

For the reasons expressed in *The State* v. *Vanbuskirk*, ante p. 86, decided at this term, we think the variance thus proven is not material.

Thirdly, It is objected that the surveyors have not discharged their duty by marking improvements on the map. This objection appears, by an inspection of the map, to be fully answered by the decision of this court in the case of *The State* v. *Hopping*, 3 *Harr.* 423. A barn or dwelling-house is not an improvement within the contemplation of the statute.

Lastly, It is objected that the road as applied for, was designed by the applicants to be laid out on the division line between the farms of Rulef Vanderveer and of James P. Smith, the prosecutor, and that the road as laid out, does not correspond precisely with that line, but crosses it diagonally. This objection is supported by the evidence of Anthony Truax, who procured the signatures to the petition for the road. He testified that " the road was proposed to be run on the line between Mr. James P. Smith and Rulef Vanderveer, so as to make the road the dividing line between them. That was the motive in signing for the road, and I think the signatures to the petition were obtained under that representation. I should say that the line of the road as laid, varied a chain at each side of the farms of Smith and Vanderveer from the dividing line between said farms." This is the entire evidence relied on in support of the objection. There is no discrepancy apparent on the face of the proceedings. The petition is entirely silent as to the division line between Smith and Vanderveer. Upon that course it simply calls for a line to be run in a northerly direction, as near as the nature of the ground and other circumstances will admit, to

a designated point, it is not proved or alleged that that call is not fairly answered by the route adopted by the surveyors.

It was suggested upon the argument, that although no variance be shown, yet that upon the evidence the court would regard the application as made in bad faith, and the laying out of the road as a fraud upon the public. The court find in the evidence no warrant for such an imputation, either upon the petitioners or the surveyors. The court must look for the views and intentions of the petitioners rather to the written petition than to oral testimony from any source, more especially when not emanating directly from the petitioners themselves. This ground of objection is fully answered by the views expressed by this court in *The State* v. *Stites*, 1 *Green* 176. In those views we entirely concur. The proceedings must be affirmed.

CITED *in State* v. *Gulick*, 8 *Vr.* 71.